# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20098

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MICHELLE H. DAVIS; JAMMIE T. MARTIN,

     Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-515

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

     Michelle H. Davis and Jammie T. Martin were convicted by a jury of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). Davis and Martin appeal their convictions under Section 1028A(a)(1), arguing that the district court erred in denying their joint motion for judgment of acquittal. Martin also appeals the district court's denial of his motion to substitute counsel and for a continuance. For the reasons set forth below, we affirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20098

I.

Davis, Martin, and other co-conspirators entered into a scheme to defraud the United States Army National Guard's Recruiting Assistance Program ("G-RAP"). G-RAP offered monetary bonuses to soldiers for convincing potential recruits to join the Guard. To apply for a G-RAP bonus, a soldier had to electronically submit identifying information regarding the potential recruit to an online portal, including the potential recruit's full name, address, date of birth, height, weight, and Social Security number. As a full-time recruiter for the Guard, Martin was not eligible to participate in G-RAP. Martin provided Davis and other co-conspirators with identifying information of potential recruits so that the co-conspirators could apply for G-RAP bonuses for soldiers that they did not assist in recruiting. In turn, those co-conspirators would kick back approximately 50% of the bonus amount to Martin.

Davis and Martin were indicted on eighteen counts, including conspiracy to defraud the government, bribery, wire fraud, and aggravated identity theft. The bribery and aggravated identify theft counts included allegations of aiding and abetting under 18 U.S.C. § 2. Shortly before trial, Martin filed a motion to substitute counsel and for a continuance, which the government opposed. The district court denied the motion. The case proceeded to a jury trial. At the close of the government's case, Davis and Martin jointly moved for judgment of acquittal on the counts for aggravated identify theft, arguing that the evidence was insufficient to show that they "used" identifying information to support convictions under 18 U.S.C. § 1028A(a)(1). The government responded, in part, that unlawful possession alone was enough for the jury to convict under Section 1028A(a)(1). The district court denied the joint motion for judgment of acquittal.

After the conclusion of evidence, the jury found Davis and Martin guilty on all counts. Following the verdict, Davis renewed her motion for judgment of

No. 15-20098

acquittal as to the aggravated identity theft counts. The district court denied her motion. Martin did not renew his motion for judgment of acquittal.

Martin appeals the district court's denial of his motion to substitute counsel and for a continuance. Davis and Martin appeal the district court's denial of their joint motion for judgment of acquittal on the counts for aggravated identify theft.

## II.

We review the district court's denial of a motion to substitute counsel for abuse of discretion. *United States v. Jones*, 733 F.3d 574, 587 (5th Cir. 2013). The district court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (citation omitted).

We review the district court's denial of a motion for judgment of acquittal de novo, "assess[ing] whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *United States v. Hope*, 487 F.3d 224, 227-28 (5th Cir. 2007).

## III.

Martin challenges the district court's denial of his motion to substitute counsel and for a continuance. Martin moved to substitute counsel and for a continuance over a year and a half after being indicted, after six prior trial continuances (four of which Martin had requested), and only eleven days before trial. Martin's motion to substitute counsel was contingent on the granting of a continuance to allow new counsel time to prepare and because new counsel had a conflicting trial obligation in another case. The district court properly considered the substantial costs in allowing substitution of counsel, the lateness of Martin's request, and the demands of the district court's calendar. *See Jones*, 733 F.3d at 587-89. All of these factors weighed heavily against

3

No. 15-20098

allowing a last-minute substitution of counsel, which would have required a seventh trial continuance causing a delay of several more months. We conclude that the district court did not abuse its discretion in denying Martin's motion to substitute counsel and for a continuance. *See id.* (affirming denial of motion to substitute counsel where substitution would have caused the government to incur significant costs and led to a continuance of several months).[1]

IV.

Davis and Martin challenge the district court's denial of their joint motion for judgment of acquittal as to the counts for aggravated identify theft under 18 U.S.C. § 1028A(a)(1).[2] Section 1028A(a)(1) provides, "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." "[M]eans of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," including a "name, social security number, [or] date of birth." *Id.* § 1028(d)(7). The relevant "felony violation" here was wire fraud, arising from the interstate wire transfer of fraudulently-obtained G-RAP bonuses.

The district court's jury instruction as to these counts, to which neither Davis nor Martin objected, stated that the jury must find beyond a reasonable doubt that the defendant "knowingly possessed or used without legal authority a means of identification of another person." This instruction allowed the jury to convict under either the "possession" or "use" prong of Section 1028A(a)(1).

---

[1] Contrary to Martin's argument, simply because the district court held a hearing in *Jones* does not mean that the district court was required to hold a hearing on Martin's motion to substitute counsel and for a continuance.

[2] We assume without deciding that Martin properly preserved this argument for appeal.

4

No. 15-20098

*See United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) ("To establish a violation of § 1028A(a)(1), the Government must prove the defendant . . . knowingly transferred, possessed, *or* used" identifying information (emphasis added)). In addition, the district court instructed the jury, again without objection from Davis or Martin, that it could find Davis and Martin guilty of the underlying crime of aggravated identify theft if they were found to have aided and abetted that crime.

On appeal, Davis challenges only the evidence supporting a conviction under the "use" prong of Section 1028A(a)(1) and makes no argument as to whether the evidence was sufficient to convict her under the "possession" prong.[3] Davis concedes that the evidence showed that she received identifying information from Martin about recruits such as their full names, dates of birth, and Social Security numbers, and then falsely submitted this identifying information to apply for G-RAP bonuses. At trial, the victims testified that they did not give permission for Davis and other co-conspirators to use their identifying information, and most victims had never met Davis and the other co-conspirators. The evidence was sufficient for a reasonable jury to find that Davis knowingly and unlawfully possessed identifying information under Section 1028A(a)(1).

Martin argues that he did not unlawfully possess the recruits' identifying information because it was his job as a National Guard recruiter to obtain such information. Martin ignores the evidence showing that he provided the recruits' identifying information to Davis and other co-conspirators, who were not entitled to possess it, for the purpose of sharing in the fraudulent G-RAP

---

[3] Both Davis and Martin challenge the sufficiency of evidence supporting a finding that they "used" identifying information under Section 1028A(a)(1). Because we conclude that the evidence was sufficient for the jury to convict under the "possession" prong, we need not reach the additional arguments raised by Davis and Martin.

No. 15-20098

bonuses. The evidence was sufficient for a reasonable jury to find that Martin aided and abetted the knowing and unlawful possession of identifying information under Section 1028A(a)(1).

For these reasons, we conclude that the district court did not err in denying the joint motion for judgment of acquittal.

## V.

Based on the foregoing, we AFFIRM the judgment of the district court.